# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3335

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Adan Tellez, a/k/a Cervantes Ramiro, | * | |
| a/k/a Rigoberto Barragan, a/k/a | * | |
| Adalid Dircio-Tellez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 11, 2000

Filed: July 3, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Adan Tellez was charged with one count of distribution of methamphetamine and one count of possession of methamphetamine with the intent to distribute it, *see* 21 U.S.C. § 841(a)(1). When he sought to suppress evidence found during a search of his

home, the district court[1] denied the motion, and Mr. Tellez then entered a conditional plea of guilty to both of the charges against him. *See* Fed. R. Crim. P. 11(a)(2). He appeals and we affirm.

I.

All of the relevant events in this case occurred on a single day. Sometime during the afternoon of that day, a police informant telephoned Mr. Tellez with a request to buy methamphetamine. Mr. Tellez agreed to the sale and drove to the informant's house, where the informant bought a quantity of methamphetamine. Undercover officers followed Mr. Tellez after he left the informant's residence. Mr. Tellez drove to his home, and the police kept that location under surveillance.

At the conclusion of the first transaction, Mr. Tellez had told the informant that he could provide additional drugs if desired, and that all the informant had to do was to call. Later that afternoon, the informant telephoned Mr. Tellez to arrange for another sale of methamphetamine. Mr. Tellez, who at that time was still at home, agreed to the sale and stated that he would return to the informant's residence in a few hours with the drugs.

The investigating officer then prepared a warrant application stating the facts just recited and indicating that the police planned to stop Mr. Tellez's vehicle when he left his home that evening. The investigating officer also requested a warrant to search Mr. Tellez's home in the event that controlled substances were found on Mr. Tellez or in his vehicle and the magistrate issued a warrant. Mr. Tellez subsequently left his house, and a search revealed drugs in a compartment of his car when officers stopped it. Mr. Tellez's house was then searched and additional narcotics were found.

---

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

## II.

Mr. Tellez contends that the use of an anticipatory warrant in the circumstances of this case was impermissible. Although we have upheld the use of anticipatory warrants, *see, e.g.*, *United States v. Tagbering*, 985 F.2d 946, 950 (8th Cir. 1993), Mr. Tellez argues that there was insufficient evidence of a nexus between his home and the discovery of the drugs to support the issuance of a conditional warrant. The issue for the district court was whether there was at least a substantial basis for the magistrate's finding of probable cause, and our review of the magistrate's finding is equally deferential. *See id.* at 949.

It seems to us that the facts set forth in the detective's affidavit create a substantial basis for the magistrate to find that there was probable cause to search Mr. Tellez's home, even if the proposed condition (*i.e.*, the discovery of narcotics on Mr. Tellez's person or in his car) never occurred. The facts alleged in the affidavit indicate that Mr. Tellez was a drug dealer and had offered to provide drugs in the future on demand. The informant had spoken with Mr. Tellez over the telephone and had arranged for another sale. The new sale was to take place in the immediate future, and the police knew that Mr. Tellez had been at home and not anywhere else since leaving the informant's residence.

"Probable cause means a 'fair probability that contraband or evidence of a crime will be found in a particular place' given the circumstances set forth in the affidavit." *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999), *cert. denied*, 120 S. Ct. 1442 (2000), quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In this case there was evidence that Mr. Tellez was engaged in a continuing course of criminal activity, and we believe that it could fairly be inferred that he was keeping a supply of drugs and perhaps other evidence related to his drug dealing in his home. Although it is true that neither the informant nor the detective had actual knowledge that contraband was in Mr. Tellez's home, absolute certainty was not necessary: a fair probability is all that is required.

We think that *United States v. Loy*, 191 F.3d 360 (3rd Cir. 1999), *cert. denied*, 120 S. Ct. 1429 (2000), on which Mr. Tellez places a great deal of reliance, is distinguishable. In *Loy*, 191 F.3d at 363, the police sent child pornography to the defendant's post office box and obtained an anticipatory warrant to search the defendant's home when the defendant received the pornography at his box. The court found that the anticipatory warrant was invalid because there was no evidence of a nexus between the defendant's home and the receipt of the pornography at the post office. *Id.* at 366-67. In fact, the defendant rented storage space in a commercial facility and had indicated to an undercover officer that that was where he kept his child pornography. *Id.* at 366.

We agree, of course, that there must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue, *see United States v. Koelling*, 992 F.2d 817, 823 (8th Cir. 1993). For the reasons already indicated, however, we think that the circumstances of our case provide sufficient evidence of this nexus, even without the occurrence of the condition. We think that the discovery of drugs on Mr. Tellez shortly after leaving his home in response to an order placed by a customer certainly contributes to a finding of probable cause, but was not necessary to uphold the warrant.

We note in passing that Mr. Tellez has correctly pointed out that several of the facts recited by the government in its brief occurred after the warrant had issued, and were therefore irrelevant to the determination of whether, "based on facts existing when the warrant is issued ... there is probable cause to believe [that] the contraband ... will be [at the place to be searched] ... when the warrant is executed." *Loy*, 191 F.3d at 365. This point notwithstanding, however, we think that the facts set forth in the affidavit provided sufficient grounds for the magistrate to find that a fair probability existed that narcotics would be found in Mr. Tellez's home.

### III.

It seems to us, moreover, that even if we found that the search warrant was not supported by probable cause, the evidence would still be admissible under the good-faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 922 (1984). Under *Leon*, 468 U.S. at 926, the exclusionary rule will not bar evidence obtained pursuant to an invalid search warrant unless the magistrate who issued the warrant abandoned his or her neutral and detached role in issuing it, or unless "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause."

In this case, we see no indication that the magistrate abandoned his neutral and detached role in issuing the warrant. Although Mr. Tellez quibbles with some of the inferences drawn in the affidavit supporting the warrant application, moreover, we see no reason to think that the officers were dishonest or reckless in preparing the affidavit. Finally, even if we agreed with Mr. Tellez that there was insufficient evidence of a nexus between his home and the contraband, which we do not, we still would not find that the warrant application was so deficient that the good-faith exception could not apply. In our view, the facts known to the officers clearly supported an objectively reasonable belief in the existence of probable cause.

### IV.

For the reasons stated herein, we affirm the district court's denial of Mr. Tellez's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-