# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4379

_____

United States of America,         *
         *
       Appellee,     *
         *   Appeal from the United States
   v.               *   District Court for the
         *   Western District of Missouri.
George E. Puckett,        *
         *
       Appellant.    *

_____

Submitted: May 18, 2006
Filed: October 18, 2006

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

George E. Puckett entered a conditional guilty plea to a charge of being a felon in possession of a firearm. See 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). He reserved the right to appeal the denial of his motion to suppress and now exercises that right. Relying on Franks v. Delaware, 438 U.S. 154 (1978), Puckett maintains that law enforcement officers used an invalid search warrant to search his home because the supporting affidavit contained false and misleading statements and had material omissions. We affirm.

After a grand jury indicted Puckett on the felon-in-possession charge, he filed a motion to suppress. The Magistrate Judge[1] held an evidentiary hearing where the following facts were disclosed. On December 23, 2003, two Glock .45 caliber handguns were stolen from the Post Pawn Shop in St. Robert, Missouri. The theft was reported on December 29, 2003. On January 23, 2004, a shooting occurred in St. Robert. Investigators found spent .45 caliber shell casings at the scene, and witnesses said a Glock-style handgun was used in the shooting. Officers later recovered the firearm believed to have been used in the shooting from a confidential informant (CI). The CI told law enforcement officers that he had obtained the handgun from Puckett within the previous forty-eight hours. The recovered gun was one of the stolen Glocks. Officers believed that the two stolen Glock handguns had not "been separated at any point." Suppression Hearing Transcript at 22.

Dennis Sheppard, a deputy with the Pulaski County Sheriff's Department, prepared the following affidavit to obtain a search warrant of Puckett's residence:

> On December 29, 2003, two handguns were reported stolen from Post Pawn in St. Robert MO. The firearms reported stolen were identified as a Glock Model 21 bearing serial number FKL691US and Glock Model 36 bearing serial number EFM423US. Through a reliable source it was learned that George Puckett was in possession of one of the firearms that were reported stolen to wit Glock Model 36 bearing serial number EFM423US which was one [of] the stole[n] handguns. On January 23, 2004, a firearm matching the description of the one reported stolen was used in the shooting of Larry Tucker at the Fox Run Apartments in St. Robert MO. Based on information received we believe that the firearms reported stolen were in the possession of George Puckett at 14385 Hwy O, Dixon MO. On January 29, 2004 the firearm Glock Model 36 bearing serial number EFM423US was recovered from a Confidential

---

[1]The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

Source. The Confidential Source stated that he received the firearm listed above from George Puckett within the last forty eight (48) hours.

The Confidential Source in the past has given information that has been reliable and true.

Based on the information we received throughout the course of investigation and based on the information we received from the Confidential Source we believe that George Puckett is in possession of a firearm that was reported stolen on December 29, 2003, from Post Pawn in St. Robert MO.

Affidavit of Dennis Sheppard (Jan. 30, 2004). A state-court judge issued a warrant to search Puckett's residence, and law enforcement officers executed the warrant. Although the officers discovered weapons at Puckett's residence, they did not find the missing Glock. Sheppard testified at the suppression hearing that he believed he had searched Puckett's residence under a valid search warrant.

The Magistrate Judge found that the CI and his information were reliable and that Puckett "failed to establish that Officer Sheppard made any statements in his affidavit that were deliberately false, that constituted material omissions, or that were made with a reckless disregard for the truth." Report and Recommendation at 11. The judge recounted the following material facts set forth in the search-warrant affidavit: two Glock handguns had been stolen; a gun that matched the description of one of the stolen Glocks was used in a shooting; and a reliable CI reported that Puckett had possessed one of the stolen Glock handguns within the preceding forty-eight hours. The Magistrate Judge held that the search-warrant "affidavit, viewed as a whole, established probable cause to search [Puckett's] residence for evidence of the stolen firearms." Id. Additionally, the judge held that the good-faith exception under United States v. Leon, 468 U.S. 897 (1984), applied because "the officers had an objective, good faith belief that the warrant was valid and based upon probable cause." Report

and Recommendation at 11. The District Court[2] adopted the Report and Recommendation over Puckett's objections and denied the motion to suppress.

We review the District Court's legal conclusions de novo and its factual findings for clear error. United States v. Hessman, 369 F.3d 1016, 1019 (8th Cir. 2004), cert. denied, 543 U.S. 1072 (2005). Specifically, we review de novo the District Court's conclusion that no Fourth Amendment violation occurred in this case, including its application of the Leon good-faith exception. Id. "We will affirm an order denying a motion to suppress unless the decision is unsupported by substantial evidence, is based on an erroneous view of the applicable law, or in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." United States v. Vanhorn, 296 F.3d 713, 717 (8th Cir. 2002), cert. denied, 537 U.S. 1167 (2003).

Puckett argues that Sheppard's affidavit violated Franks because the affidavit contained false and misleading statements and omitted material facts. To prevail, Puckett "must show that a false statement was included in the affidavit knowingly and intentionally or with reckless disregard for its truth, and that the affidavit's remaining content is insufficient to establish probable cause." United States v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006), cert. denied, 2006 WL 2504012 (U.S. Oct. 10, 2006). "Allegations of negligence or innocent mistake are insufficient." Franks, 438 U.S. at 171.

The District Court specifically found that Sheppard's affidavit did not contain deliberately false statements or statements made with reckless disregard for the truth and that it did not omit material information. Without judging the credibility of the officers who testified at the suppression hearing, a task best left to the District Court,

_____

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

-4-

see United States v. Coney, 456 F.3d 850, 860 (8th Cir. 2006), we believe that the District Court's findings are supported by the record and thus are not clearly erroneous. Accordingly, we hold that the District Court correctly concluded that no Franks violation occurred in this case.

Puckett is then left with arguing that the search warrant was not supported by probable cause or that the District Court misapplied Leon. Although we might be inclined to affirm the District Court's determination that there was no Fourth Amendment violation because the search warrant was supported by probable cause, we do not reach that issue. Instead, we hold that the District Court properly applied Leon to deny Puckett's motion to suppress because the executing officers had an objective, good-faith belief that the search warrant was supported by probable cause.

Even if a search warrant is deemed invalid, evidence obtained pursuant to the warrant is not automatically suppressed. Such evidence is admissible when it is objectively reasonable for a police officer to have relied in good faith on the issuing judge's probable-cause determination. Leon, 468 U.S. at 922. This "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization." Id. at 922 n.23. The rationale for such an exception is that no justification exists to exclude evidence "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." Id. at 920.

> It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. . . . Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.

Id. at 921. The Court in Leon cited four circumstances in which the good-faith exception does not apply: (1) when there is a Franks violation; (2) when an issuing judge has "wholly abandoned his judicial role"; (3) when it is entirely unreasonable to believe that an affidavit provides probable cause to issue a warrant; and (4) when the warrant is "so facially deficient" that no police officer could reasonably presume the warrant to be valid. Id. at 923.

None of these circumstances is present here. First, as we have said, there was no Franks violation. Second, there is no evidence that the issuing judge abandoned his role to independently determine probable cause. Third, it was not entirely unreasonable for Sheppard to believe that the search warrant was supported by probable cause. Indeed, the issuing state-court judge, the Magistrate Judge, and the District Judge all believed that the affidavit provided probable cause for the search warrant to issue. In the face of these judicial decisions, we would be hard pressed to conclude that it was entirely unreasonable for Sheppard to believe that his affidavit provided probable cause to issue the warrant. Finally, no evidence suggests that the search warrant was facially deficient. We conclude that Sheppard relied in good faith on the warrant, and therefore the evidence seized from Puckett's home would be admissible at trial.

For the reasons discussed, we affirm the District Court's denial of Puckett's motion to suppress.

_____