# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1830

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of South Dakota. |
| Kevin Clent Houston, | * |
| | * |
| Appellant. | * |

_____

Submitted: October 21, 2011
Filed:   January 11, 2012

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Kevin Houston pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2256(8)(A). On appeal, Houston argues that the district court[1] erred in denying his motion to suppress evidence found on his computers during a search conducted under an allegedly invalid search warrant. Because we find that the officers conducted the search in good faith, we affirm.

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

I. *Background*

In 2009, Houston's niece, E.L., told her mother that Houston, who lived in South Dakota, had molested her six years earlier in Wisconsin. E.L.'s mother informed Detective Linda Shawback of the Columbia County Wisconsin Sheriff's Office of this molestation. An investigation ensued. E.L.'s mother emailed Houston using her daughter's email address and posing as her daughter. Through these emails, E.L.'s mother elicited from Houston highly detailed, incriminating evidence relating to the molestation of her daughter. Also in these emails, Houston acknowledged that he had viewed pictures of nude little girls and boys while at E.L.'s house on the family computer. E.L.'s mother viewed the internet history of that computer and found images that she considered to be child pornography. Finally, in the emails, Houston acknowledged that he possessed a computer disk, a disk which one may infer likely contained child nudity and potentially pornography, based on the context of his email admission, that he took with him to Wisconsin when he molested E.L..

Upon receiving this information, on August 24, 2009, Shawback contacted South Dakota agent, Todd Rodig, who applied for and received a search warrant from a South Dakota magistrate to seize Houston's computers for evidence relating to the alleged child molestation in Wisconsin ("Warrant #1"). Rodig attached the incriminating emails and relayed the statements from E.L.'s mother regarding child pornography to the search warrant request. Using the warrant, Shawback traveled to South Dakota and confiscated Houston's computers and sent them to Wisconsin.

On August 25, 2009, Shawback applied for a state search warrant in Columbia County Wisconsin to search the confiscated computers for evidence relating to first degree sexual assault and the possession of child pornography ("Warrant #2"). This warrant included the same information as Warrant #1, but also included 23 statements in an affidavit in which Shawback attempted to correlate child abusers' characteristics to those of possessors of child pornography. Based on the affidavit, the magistrate judge granted the warrant to search for "items [that] might constitute evidence of a

crime, to wit: first degree sexual assault of a child, contrary to section 948.02(1) of the Wisconsin Statutes and/or possession of child pornography, contrary to §948.12(1m) of the Wisconsin Statutes." While searching Houston's computers pursuant to Warrant #2, Wisconsin authorities found several hundred images of child pornography.

Based on this evidence, federal authorities charged Houston in South Dakota with one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2256(8)(A). Following his indictment, Houston filed a motion to suppress the evidence gathered from his computers. In denying Houston's motion to suppress, the district court relied primarily on the rationale expressed in *United States v. Colbert*, 605 F.3d 573 (8th Cir. 2010). Houston pleaded guilty but reserved the right to challenge the district court's denial of his motion to suppress the evidence gathered from his computers under the child pornography portion of Warrant #2 issued in Wisconsin. In addition, the district court alternatively upheld the search because it found that the officers acted in good faith under *United States v. Leon*, 468 U.S. 897 (1984). Houston appeals.

## II. *Discussion*

On appeal, Houston argues that the district court erred in finding Warrant #2, issued in Wisconsin, to be valid because there was no probable cause to search his home computers in South Dakota for child pornography. Houston also argues that the *Leon* good-faith exception to the exclusionary rule should not apply because Warrant #2 is so facially deficient that no police officer could reasonably presume the warrant to authorize a valid search of his computers in South Dakota for child pornography in violation of Wisconsin statutes.

"On appeal from the denial of a motion to suppress, we review a district court's findings of fact for clear error and its determination of probable cause and the application of the *Leon* exception de novo." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008).

"The Fourth Amendment commands that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation.'" *United States v. Fiorito*, 640 F.3d 338, 345 (8th Cir. 2011) (quoting U.S. Const. amend. IV). "The ordinary sanction for police violation of Fourth Amendment limitations has long been suppression of the evidentiary fruits of the transgression." *Id.* Yet, this exclusionary rule does not apply "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Leon*, 468 U.S. at 920. A court may consider whether the good-faith exception applies before conducting probable cause analysis. *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007). "Under the good-faith exception, evidence seized pursuant to a search warrant issued by a magistrate that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." *Id.* "The 'good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization.'" *Id.* (quoting *United States v. Puckett,* 466 F.3d 626, 630 (8th Cir. 2006)) (alterations in original). The good-faith exception does not apply:

> (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the issuing judge "wholly abandoned his judicial role" in issuing the warrant; (3) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence *entirely unreasonable*"; and (4) when the warrant is "so facially deficient" that no police officer could reasonably presume the warrant to be valid.

*Id.* at 431 (citing *Leon*, 468 U.S. at 923; *Puckett*, 466 F.3d at 630) (emphasis in original).

Houston argues that the good-faith exception does not apply because Warrant #2 is so facially deficient that no police officer could reasonably presume the warrant to be valid.

"'When assessing the objective [reasonableness] of police officers executing a warrant, we must look to the totality of the circumstances, including any information known to the officers but not presented to the issuing judge.'" *Id.* (quoting *United States v. Marion*, 238 F.3d 965, 969 (8th Cir. 2001)) (alterations in original).

Given the instant facts, we conclude that an officer cognizant of Houston's alleged molestation of E.L. and contemporaneous viewing of pictures of naked children in the presence of the alleged victim could have reasonably presumed the warrant to search for child pornography on his computers to be valid. As this court has previously acknowledged, "[t]here is an intuitive relationship between acts such as child molestation or enticement and possession of child pornography." *Colbert*, 605 F.3d at 577. "Although 'there must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue,' *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000)), we have held that an officer executing a search warrant may rely in the permissibility of the issuing judge's inference that such a nexus exists when that inference has 'common sense appeal.'" *Perry*, 531 F.3d at 665.

Here, Shawback, based on her experience, discerned a connection between child molestation and possession of child pornography. She conveyed this experience in her affidavit along with evidence that Houston acknowledged that he possessed a computer disk, a disk which one may infer likely contained child nudity and potentially pornography, based on the context of his email admission, that he took with him to Wisconsin when he molested E.L.. Based on Shawback's affidavit, a Wisconsin judge issued a warrant to search Houston's computers for child pornography. With this search warrant in hand, Shawback searched his computers and found child pornography. Under these facts, by excluding this evidence, we would be

"[p]enalizing the officer for the magistrate's error, rather than [her] own, [which] cannot logically contribute to the deterrence of Fourth Amendment violations." *Leon*, 468 U.S. at 921.

Houston further argues that, in light of the fact that the issuing judge limited Warrant #2's applicability to violations of Wisconsin statutes the *Leon* good-faith exception does not apply because no officer could reasonably believe that the computers seized in South Dakota would contain any evidence of a six-year-old violation of a Wisconsin statute. This argument presupposes that an officer would know the legal and jurisdictional limits of a judge's power to issue interstate search warrants[2] as well as statutory limitation periods for prosecutors. We decline to impose such a duty on officers exercising a search warrant obtained without deceit. "'[O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law.'" *Id.* (quoting *Stone v. Powell*, 428 U.S. 465, 498 (1976) (Burger, C.J., concurring)). After all, "[i]t is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." *Id.* "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is

_____

[2]Because we find that the officer here acted reasonably, it is not necessary to determine whether the law prohibits a Wisconsin judge from authorizing a search in South Dakota for a violation of Wisconsin law. Nonetheless, it appears that he may. *See* Wis. Stat. § 968.13; *State v. Intercontinental, Ltd.*, 486 A.2d 174, 178 (Md. 1985) (citing Wis Stat. § 968.13 and observing that "[m]ost state statutes . . . do not expressly limit the issuance of search warrants to intrastate offenses"); *see also* 2 W. La Fave, Search and Seizure: A Treatise on the Fourth Amendment § 31.1(b), at 9 n.28 (4th ed. 2004). Whether a court would hold that the evidence seized would actually constitute a violation of Wisconsin law is a question that is not before us. Moreover, the language of the warrant does not necessarily limit the search to violations of Wisconsin statutes but states that it authorizes a search for evidence that would violate those statutes.

technically sufficient." *Id.* Here, Shawback searched Houston's computers in Wisconsin for evidence of child pornography pursuant to a search warrant. Under these facts, we cannot say that the warrant was "'so facially deficient' that no police officer could reasonably presume the warrant to be valid." *Proell*, 485 F.3d at 431 (internal quotations omitted). Thus, we find that Shawback conducted the search in good faith.

Because we find that the good-faith exception applies, we need not address Houston's additional argument challenging whether the initial South Dakota warrant contained sufficient probable cause.

### III. *Conclusion*
Accordingly, we affirm the judgment of the district court.

COLLOTON, Circuit Judge, concurring in the judgment.

For the reasons set forth in Part II of the court's opinion, the second search warrant at issue in this case was not so lacking in indicia of probable cause as to make official belief in its existence unreasonable. *See also United States v. Falso*, 544 F.3d 110, 128 (2d Cir. 2008). The appellant did not challenge the *seizure* of his computers pursuant to the first warrant, and the prosecution did not rely on that warrant for any search, so it is unnecessary to consider any challenge to the first warrant.

The scope of the second search warrant raises an additional question. That warrant was issued by a Wisconsin judge and cited only Wisconsin criminal statutes, but law enforcement officers searched computers that had been recently seized in South Dakota and transported to Wisconsin. Two circumstances nonetheless demonstrate that the officers acted in objectively reasonable good faith reliance on the second warrant in conducting that search. First, the warrant authorized a search for evidence of possession of child pornography, which is a violation of South Dakota law

as well as Wisconsin law. *See* S.D.C.L. § 22-24A-3. Although the warrant cited only a Wisconsin statute, the Fourth Amendment does not require that a warrant include statutory citations to authorize a search for evidence of a described offense. *See United States v. Hill*, 55 F.3d 479, 481 (9th Cir. 1995); *United States v. Matya*, 541 F.2d 741, 746-47 (8th Cir. 1976). A reasonable officer thus could infer that the warrant authorized a search for evidence of a violation of South Dakota law as well. Second, an objectively reasonable officer could believe that a Wisconsin judge may authorize a search of property in Wisconsin for violations of South Dakota law. Wisconsin Statutes § 968.13, like most state statutes governing judicial authority, does not expressly limit the issuance of search warrants to intrastate offenses. *See State v. Intercontinental, Ltd.*, 486 A.2d 174, 178 (Md. 1985); 2 W. La Fave, *Search and Seizure: A Treatise on the Fourth Amendment* § 31.1(b), at 9 n.28 (4th ed. 2004).

For these reasons, I concur in the judgment affirming the district court.

_____