# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 15-1609

———————————————

United States of America

*Plaintiff - Appellee*

v.

Carlos Samuel Trejo

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————————

Submitted: October 23, 2015
Filed: December 9, 2015
[Unpublished]

——————————

Before WOLLMAN, BYE, and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Carlos Samuel Trejo was convicted by a jury of possession with intent to distribute methamphetamine. On appeal, Trejo argues that the district court[1] erred in

———————————————

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable

denying his motion to suppress evidence seized from his residence pursuant to a search warrant. He contends that the affidavit in support of the warrant set forth insufficient facts to establish probable cause and that the Leon good-faith exception to the exclusionary rule does not apply. Trejo also argues that the court erred in admitting into evidence excerpts from telephone conversations he had while he was detained prior to trial. We affirm.

On December 23, 2013, Officer Ricardo Muro, a member of the Minneapolis Police Department Weapons Unit, applied for a warrant to search Trejo's residence. In support of the search-warrant application, Muro submitted an affidavit that stated:

> Your Affiant has been involved in an on-going investigation over the past month and a half involving the possession and distribution of narcotics in the Metro area. Over the course of the last month and a half, your Affiant has received on-going detailed information from a confidential informant. The CI has identified the individual involved in the narcotics distribution network as Carlos Trejo. The CI has also identified 3032 3rd Ave. S. Up, in the City of Minneapolis as [Trejo]'s residence. Through various investigative techniques and physical surveillance, your Affiant has collaborated [sic] the information provided by the CI.
>
> Within the last 72 hours, your Affiant, directed the CI to meet with Trejo and conduct a control buy of narcotics. Your Affiant, with the assistance of other weapons investigators, maintain [sic] constant surveillance as the CI drove, and entered Trejo's residence. The CI was directed by Trejo to meet him at 3032 3rd Ave. S. Up. in the City of Minneapolis. Once inside, a purchase of narcotics occurred from Trejo by the CI. The CI has witness [sic] other similar transactions in the recent past between Trejo and other individuals. She/he also states that they have also seen Trejo in possession of firearms in the recent past and believes that Trejo is currently in possession of a firearm. Trejo is also

---

Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

a member of the Sureno 13 street gang. Furthermore, Trejo does not have legal residency status, and therefore is prohibited from possession [sic] any kind of firearm.

The CI mentioned herein has been consistent with the information provided, and I have been able to corroborate this information throughout the course of the investigation.

Appellant's Add. 21. Relying on this affidavit, a Hennepin County District Judge issued a warrant to search the 3rd Avenue residence. The warrant was executed later that day, and officers recovered more than two pounds of methamphetamine, plastic baggies, a drug-cutting agent, and various other items of contraband from Trejo's bedroom. In denying the motion to suppress this evidence, the district court concluded that the search warrant was supported by probable cause and that, even if it was not, the officers executing the warrant relied in good-faith on its validity, as permitted by United States v. Leon, 468 U.S. 897, 921-22 (1984).

"On appeal from the denial of a motion to suppress, we review a district court's findings of fact for clear error and its determination of probable cause and the application of the Leon exception de novo." United States v. Houston, 665 F.3d 991, 994 (8th Cir. 2012) (quoting United States v. Perry, 531 F.3d 662, 665 (8th Cir. 2008)). If an affidavit in support of a search warrant "sets forth sufficient facts to lead a prudent person to believe that there is a 'fair probability that contraband or evidence of a crime will be found in a particular place,'" probable cause exists and a warrant may issue. United States v. Warford, 439 F.3d 836, 841 (8th Cir. 2006) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

But even if an affidavit is insufficient to establish probable cause to issue a search warrant, evidence may still be admitted if the officer executing the search warrant relied in good faith on a judge's determination that there was probable cause to issue the warrant and that reliance was objectively reasonable. Leon, 468 U.S. at

922. We assess whether an officer relied in good faith on the validity of a warrant after considering the totality of the circumstances, including any information known to the officer but not included in the affidavit. United States v. Jackson, 784 F.3d 1227, 1231 (8th Cir. 2015). A finding of good faith may be precluded when the judge issuing the search warrant "wholly abandon[s] his judicial role" or when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923 (citations omitted).

Trejo first argues that the Leon good-faith exception does not apply because the judge who issued the warrant to search Trejo's residence wholly abandoned his judicial role and instead acted merely as a rubber stamp for the police. See id. at 914 (citation omitted). According to Trejo, the affidavit Muro prepared in support of the warrant to search Trejo's residence was nearly identical to an affidavit Muro prepared in support of a different warrant, except that the second warrant identified the residence of Michael Trinidad at 3212 Elliott Avenue S. as the location to be searched. Search warrants based on these affidavits were issued by the same judge at roughly the same time. Trejo argues that in issuing the search warrant for his residence despite the substantial similarity of these two affidavits, the judge was not acting as a neutral, detached magistrate, but rather as a mere rubber stamp for the police. We disagree.

The different names and addresses set forth in the two affidavits "are not insignificant differences." D. Ct. Mem. Op. & Order of Aug. 15, 2013, at 5. Moreover, there are other significant differences in the two affidavits. In the affidavit in support of the warrant for Trejo's residence, Muro stated that the CI had been directed to conduct a controlled buy, that the CI believed Trejo was currently in possession of a firearm, and that Trejo was a member of the Sureno 13 street gang. In the Trinidad affidavit, on the other hand, Muro noted that the front door to Trinidad's residence was the southernmost in the front of the building, that Trinidad's

-4-

name and address were marked on a mailbox, that officers had seen Trinidad enter and exit the residence, and that the CI had observed Trinidad conduct a narcotics transaction with another individual at the residence. See Appellant's Add. 21, 26. Accordingly, we agree with the district court that the officers were entitled to rely in good faith on the warrant's validity.

Trejo also argues that the Leon good-faith exception does not apply because Muro's affidavit in support of the search warrant was "so lacking in indicia of probable cause [that] official belief in its existence [was] entirely unreasonable." United States v. Long, 797 F.3d 558, 566-67 (8th Cir. 2015) (citations omitted). Trejo contends that because Muro failed to indicate in the affidavit that he had corroborated the CI's hearsay statements, no reasonably well-trained officer could have relied on the warrant in good faith. We disagree. When an informant provides the information used to obtain a warrant, the "core question . . . is whether the information [provided by the informant] is reliable." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). Here, the affidavit stated that Muro had been working with the CI for over a month, that the CI had generally "been consistent with the information provided," and that the CI's information had been corroborated "throughout the course of the investigation." Appellant's Add. 21. Specifically, Muro noted that he had corroborated the CI's identification of Trejo and Trejo's residence "[t]hrough various investigative techniques and physical surveillance." Id. The affidavit not only indicated that the CI had "a track record of supplying reliable evidence," but it also indicated that the CI's information had been corroborated in this case. Warford, 439 F.3d at 841. Taking into account the totality of the circumstances, we conclude that the affidavit in support of the search warrant was not "so lacking in indicia of probable cause [that] official belief in its existence [was] entirely unreasonable." Long, 797 F.3d at 566-67. Thus, it was objectively reasonable for the officers to rely on the warrant, and the district court did not err in admitting the evidence under the Leon good-faith exception. Warford, 439 F.3d at 841. Accordingly, even if the warrant to search Trejo's residence was deficient in one

of the respects asserted by Trejo, we conclude that the <u>Leon</u> good-faith exception applies and that the evidence was properly admitted.

Trejo also argues that the district court erred by admitting into evidence excerpts from telephone conversations he had while he was detained prior to trial. In these excerpts, Trejo uses profanity and pejorative terms like "snitch" while discussing the possible identity of the CI whose information led to the search of his residence. He asserts that this evidence should have been excluded under Federal Rule of Evidence 403 because its limited probative value was outweighed by the danger of unfair prejudice. We give "great deference" to the district court's "balancing of the relative value of a piece of evidence [against] its prejudicial effect," and we will reverse only if there was an abuse of discretion. <u>United States v. Zierke</u>, 618 F.3d 755, 759 (8th Cir. 2010) (citation omitted). As noted by the district court, this evidence had probative value because Trejo did not claim that the methamphetamine recovered from his bedroom belonged to someone else, or that someone else had placed the drugs in his room. Instead, he acknowledged that he was facing significant jail time because "there was a hell of a lot of stuff" recovered from his bedroom, and he discussed which of his acquaintances might have had enough knowledge about his activities to inform the police. The district court did not abuse its broad discretion in concluding that the probative value of the evidence outweighed the danger of unfair prejudice.

The judgment is affirmed.

_____