# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-2850
_____

United States of America

*Plaintiff - Appellee*

v.

Robert D. Dankemeyer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: May 12, 2023
Filed: August 23, 2023
[Unpublished]
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

When executing a search warrant on Robert Dankemeyer's house, officers found guns, methamphetamine, and drug paraphernalia. Dankemeyer was charged with possession with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1), and being a

felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2).  He moved to suppress, and the district court[1] denied the motion.  We affirm.

The warrant affidavit detailed the following:  Officers responded to a report of a disturbance at a bar.  According to witnesses, Dankemeyer was involved in the disturbance, left the bar, and returned shortly after with multiple guns.  He used one of the guns to threaten several people.  One witness directed the officers to a house where three guns were recovered.  According to the homeowner, a "known associate of Dankemeyer," one of the guns belonged to Dankemeyer.  Video surveillance later confirmed that Dankemeyer was at the bar during the disturbance.

Based on this information, the issuing judge authorized a search of Dankemeyer's home, along with "any and all vehicles parked at the residence belonging to the occupants," for "[f]irearms, ammunition, and other weapons [that] when possessed by a convicted felon, are illegal."

Search warrants must be supported by probable cause.  United States v. Mayweather, 993 F.3d 1035, 1040 (8th Cir. 2021).  But we will not suppress evidence if the good-faith exception applies—that is, "if it was objectively reasonable for the officer executing [the] search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant."  Id. at 1041 (citation omitted).  See generally United States v. Leon, 468 U.S. 897, 913– 17 (1984) (recognizing the good-faith exception to the Fourth Amendment exclusionary rule).  The district court held that the search warrant was supported by probable cause and, even if it wasn't, the good-faith exception applied.

We consider whether the good-faith exception applies "without addressing whether probable cause exists," United States v. Norey, 31 F.4th 631, 635 (8th Cir.

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

2022), and review *de novo* the district court's finding of good faith, Mayweather, 993 F.3d at 1040.

The good-faith exception applies unless, as relevant here, "the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" or "the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid." United States v. Proell, 485 F.3d 427, 431 (8th Cir. 2007) (cleaned up).

Dankemeyer argues that the affidavit was "so lacking in indicia of probable cause" because the witness accounts did not indicate a "fair probability" that guns would be found at his home or in his car. See United States v. Warford, 439 F.3d 836, 841 (8th Cir. 2006). Relatedly, he argues that the affidavit failed to show a nexus between the guns and the search of his home and car. See United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000) ("[T]here must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue."). But the affidavit referenced multiple witness statements, the gun recovered from his associate's home, and video evidence. Even if this did not "push this warrant past the probable cause goal line," United States v. Dankemeyer, No. 4:21CR3014, 2021 WL 7287669, at *5 (D. Neb. Dec. 13, 2021), report and recommendation adopted, No. 4:21-CR-3014, 2022 WL 676714, at *1 (D. Neb. Mar. 7, 2022), there was enough information in the affidavit such that the officers' reliance was not "entirely unreasonable," Proell, 485 F.3d at 431.

Dankemeyer also argues that the warrant was "so facially deficient" because it authorized a search of all cars on his property. We disagree. The search was limited to cars "belonging to the occupants," so this case does not present an "animating overbreadth concern." See United States v. Eggerson, 999 F.3d 1121, 1125–27 (8th Cir. 2021) (distinguishing authority where a warrant, which broadly authorized the seizure of electronic devices without regard to ownership, was so overbroad that it rendered the good-faith exception inapplicable). The good-faith exception applies, so the district court did not err.

-3-

The district court is affirmed.

_____