# United States Court of Appeals
### For the Eighth Circuit
_____

No. 24-2204
_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas James Morgan-Derosier, also known as Nicholas Derosier, also known as
Nicholas James Morgan Derosier, also known as Nicholas Morgan Derosier, also
known as Nick James Morgan-Derosier

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: October 24, 2025
Filed: June 4, 2026
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

After being indicted on federal child pornography charges, Nicholas Morgan-Derosier moved in the district court[1] to suppress evidence from electronic devices discovered by local officers during a search of his residence. The magistrate judge recommended denying the motion, and the district court adopted that recommendation over Morgan-Derosier's objection. Morgan-Derosier then entered a conditional guilty plea to seven counts in the indictment, preserving his right to appeal the denial of his motion to suppress. *See* Fed. R. Crim. P. 11(a)(2). We affirm the denial of his motion.

In August 2020, a detective with the Grand Forks, North Dakota Police Department initiated an investigation into Morgan-Derosier's business activities after learning from multiple residents that he was operating landscaping and construction businesses in violation of a state court injunction prohibiting him from doing so. Based on interviews with several current and former employees, the detective learned that Morgan-Derosier was running his businesses from his residence and using various electronic devices to manage them. A search of banking records also confirmed that Morgan-Derosier had been operating in North Dakota after the date of the injunction. The detective then applied for a warrant authorizing a search of Morgan-Derosier's residence for, among other things, any personal computing and electronic storage devices as well as the review of their contents for evidence of the "crimes of Contractor License Required, Construction Fraud, and violation of a Judicial Order in any form wherever they may be stored."[2] A Grand

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendations of the Honorable Alice R. Senechal, United States Magistrate Judge for the District of North Dakota.

[2]The materials presented in the initial warrant application included a warrant, an exhibit, and an affidavit. The parties agree that the exhibit was incorporated into the warrant, but dispute whether we may consider the affidavit. Because probable cause is not at issue and the affidavit's contents do not affect our ruling, we assume

Forks County district judge signed and issued the warrant. Although the issued warrant identified the types of electronic devices designated for search and seizure, it did not specify a relevant date range for the content on those devices.

On September 15, 2020, local officers accompanied by a federal agent executed the warrant and conducted a search of Morgan-Derosier's residence in the presence of his roommates. During the search, one of Morgan-Derosier's roommates informed officers that Morgan-Derosier had previously raped a minor in Minnesota and kept a thumb drive labeled "boys" in a bedroom safe. As part of the search, officers seized thirteen of Morgan-Derosier's electronic devices, including that thumb drive, which officers found in the bedroom safe near documents related to one of Morgan-Derosier's companies. While the search was ongoing, Morgan-Derosier arrived at his residence, where he surrendered his cell phone and consented to a recorded interview during which he stated that he stored business documents in his bedroom safe.

Shortly after the search, a Grand Forks detective conducted a forensic examination of the seized electronic devices. As part of that examination, she accessed the contents on the thumb drive found in Morgan-Derosier's bedroom safe and quickly discovered child pornography. After seeing two such images, the detective halted her examination of the thumb drive. The next day, she applied for and obtained a new warrant authorizing a search of the seized electronic devices for child pornography. The detective then found thousands of images and videos of child pornography on the seized devices, which she also searched for visual depictions of job sites and business documents. Morgan-Derosier was charged with Receipt and Distribution of Child Pornography and Possession of Materials Containing Child Pornography. *See* 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), 2252A(a)(5)(B), 2252A(b)(2).

without deciding that we may not consider the affidavit. Accordingly, we refer only to the warrant and exhibit collectively as the "warrant."

-3-

Morgan-Derosier moved to suppress the evidence obtained from his electronic devices. He argued that the initial warrant lacked particularity and was overbroad in violation of the Fourth Amendment and that officers would never have discovered the child pornography had they conducted their search pursuant to a legal warrant. The magistrate judge recommended denying this motion on the basis that the warrant was not legally insufficient under the Fourth Amendment and that, regardless, the evidence of child pornography on the seized devices was admissible under the "good faith" exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897, 920-21 (1984). The district court adopted the magistrate judge's report and recommendation over Morgan-Derosier's objection.

"On appeal from the denial of a motion to suppress, we review a district court's findings of fact for clear error and its determination of probable cause and the application of the *Leon* exception *de novo*." *United States v. Houston*, 665 F.3d 991, 994 (8th Cir. 2012). "The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Davis v. United States*, 564 U.S 229, 236 (2011) (citation modified). Ordinarily, "[e]vidence obtained in violation of the Fourth Amendment is subject to the exclusionary rule and, therefore, cannot be used in a criminal proceeding against the victim of the illegal search and seizure." *United States v. Riesselman*, 646 F.3d 1072, 1078 (8th Cir. 2011) (citation modified). Because exclusion is a prophylactic remedy, however, there are some instances where a Fourth Amendment violation does not trigger the exclusionary rule. *See Davis*, 564 U.S. at 236 ("Exclusion is 'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search." (quoting *Stone v. Powell*, 428 U.S. 433, 454 n.29 (1976))).

We conclude that, regardless of the warrant's validity, the "good faith" exception to the exclusionary rule applies to the evidence of child pornography obtained during the search of Morgan-Derosier's electronic devices. *See Leon*, 468 U.S. at 920-21. "[W]hen an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope," a court will

not exclude discovered evidence even if the warrant is subsequently found to be invalid. *Id.* We have recognized four circumstances that preclude a finding of good faith:

> (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the issuing judge wholly abandoned his judicial role in issuing the warrant; (3) when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence *entirely unreasonable;* and (4) when the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid.

*United States v. Fiorito*, 640 F.3d 338, 345 (8th Cir. 2011).

Morgan-Derosier contends only that the good faith exception does not apply because the warrant contained clear deficiencies such that no reasonable police officer could presume its validity. First, he argues that the warrant obviously lacked particularity because it provided no more than generic descriptions of the sought-after evidence and Morgan-Derosier's suspected criminal activity.[3] *See United States v. Summage*, 481 F.3d 1075, 1079 (8th Cir. 2007) ("To satisfy the particularity requirement of the fourth amendment, the warrant must be sufficiently definite to enable the searching officers to identify the property authorized to be seized."). We disagree. Particularity depends on the circumstances of the case. *Id.* Prior to the search, the detective's investigation had uncovered significant evidence that Morgan-Derosier was managing his businesses from his residence using electronic devices. And while the warrant did not specify what was prohibited by the judicial order, it clearly identified the crime of operating his business without a license. Furthermore, the warrant limited the officers' search and seizure of electronic devices to only those devices capable of containing information relevant to the business-related crimes described in the warrant. *See Andreson v. Maryland*, 427

---

[3]For example, he notes that the warrant did not specify a timeframe of his alleged criminal activity or what injunction he had purportedly violated.

U.S. 463, 479 (1976) (holding that a general reference to crime must be read in conjunction with crimes enumerated in the warrant). Although Morgan-Derosier correctly notes that the warrant did not limit the scope of seizure to records and information within a specific time frame, he identifies no case from our circuit requiring such a date range, and we are aware of none. At a minimum, the warrant's description of the search and omission of a date range did not render it so vague that "no police officer could [have] reasonably presume[d]" that the warrant was sufficiently particular. *See Fiorito*, 640 F.3d at 345. Accordingly, the warrant's alleged lack of particularity does not preclude application of the good faith exception.

Second, Morgan-Derosier argues that the warrant was so overbroad that any reasonable officer would have known that there was insufficient probable cause for the search it authorized. *See United States v. Alexander*, 574 F.3d 484, 488 (8th Cir. 2009) (stating that a warrant is overbroad when it authorizes the search of things or places for which there is no probable cause to search). Specifically, Morgan-Derosier contends that the warrant authorized the seizure of too many devices and the review of too many files for any officer to think it had a sufficiently tailored scope. We disagree. Because records of business operations could have been evidence of the crimes named in the warrant, any device that could contain electronic files that showed business activity could have been relevant to the officers' investigation of Morgan-Derosier's business activities. Therefore, we see no issue with the warrant's reference to a broad set of devices and files that could conceivably contain such evidence. For example, Morgan-Derosier does not contest that an image file depicting job sites and projects would have relevance to the crimes listed in the warrant. Therefore, while we agree that the warrant authorized officers to search a broad number of devices and files, that fact alone would not have prevented an officer from reasonably presuming it was valid. *See United States v. Coleman*, 909 F.3d 925, 931 (8th Cir. 2018) (rejecting argument that warrant authorizing the "search and seizure of books, records, receipts, ledgers, and other papers related to the transportation, purchase, distribution, or secreting of controlled substances" was

-6-

overbroad). Accordingly, the warrant's alleged overbreadth also does not preclude application of the good faith exception.

Because we cannot say that "the warrant was so facially deficient that no police officer could [have] reasonably presume[d] the warrant to be valid," the good faith exception applies to the evidence of child pornography obtained during the search of Morgan-Derosier's residence. *See Fiorito*, 640 F.3d at 345. Therefore, we affirm the district court's denial of the motion to suppress.

_____