# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3159

_____

United States of America,           *
                                     *

         Appellee,           *

                                     *   Appeal from the United States
        v.                  *   District Court for the
                                     *   District of South Dakota.

Todd Randall Finley,          *
                                     *

         Appellant.        *

_____

Submitted: May 14, 2010
Filed: July 16, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Todd Randall Finley pleaded guilty to possession of child pornography and receipt and distribution of child pornography. He argues in this appeal that the district court[1] should have granted his motion to suppress evidence seized pursuant to a search warrant because an affidavit submitted in support of the search warrant contained a false statement. We affirm.

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

I.

The state of Wyoming maintains a database related to sharing of child pornography files on the internet. The Wyoming database contains several types of information, including Internet Protocol (IP) addresses that share child pornography files, the port numbers used for sharing such files,[2] and the Secure Hash Algorithm (SHA) value of known child pornography files.[3]

In February 2008, a law enforcement officer in Wyoming contacted Special Agent Troy Boone of the South Dakota Division of Criminal Investigation with a tip that the IP address 24.230.167.215 might be associated with internet activity involving child pornography and might be registered to someone in South Dakota. Agent Boone searched the Wyoming database for activity involving the IP address 24.230.167.215, which revealed that known child pornography images were being shared on that IP address from February 2–14. Agent Boone then searched an online database that keeps track of which companies are issued which IP addresses. The IP address in question was registered to Midcontinent Communications in South Dakota. Agent Boone sent Midcontinent a subpoena on February 14 to determine who had access to the IP address 24.230.167.215 from February 2–14. Midcontinent responded four days later, stating that the only account that accessed the IP address on those dates was Finley's account.

---

[2]A port is the conduit for which the computer talks to the Internet. Computers use ports to manage network traffic, thereby allowing different applications on the same computer to share network resources simultaneously. Ports are identified by a number, commonly known as a port number.

[3]The SHA is a mathematical algorithm that allows for unique identification of digital images and videos. SHA values are, in essence, unique digital fingerprints or signatures. See United States v. Klynsma, No. CR. 08-50145-RHB, 2009 WL 3147790, at *6 (D.S.D. Sept. 29, 2009).

On February 16, 2008, Agent Boone accessed a file-sharing network and reviewed a publicly available list of 868 files located at the IP address 24.230.167.215. By comparing the SHA values of the file list with the database of known child pornography files, Agent Boone confirmed that several of the files offered from the IP address have previously been identified through their SHA values as depicting child pornography. Agent Boone also downloaded and viewed the files from the IP address, leading him to conclude that the files contained images consistent with child pornography. Agent Boone then contacted Agent Craig Scherer of U.S. Immigration and Customs Enforcement (ICE) regarding potential violations of federal child pornography laws.

On February 27, 2008, Agent Scherer requested a warrant to search Finley's property and premises. In support, Agent Scherer submitted an affidavit detailing the investigation by Agent Boone, including the fact that Agent Boone had downloaded child pornography files from the IP address 24.230.167.215 on February 16, 2008. The affidavit further stated:

> 19. SA Boone conducted an Internet search on the origin of the IP address 24.230.167.215 and found it to be issued to a DSL modem subscriber with Midcontinent Communications. On February 18, 2008, SA Boone received the results of a subpoena request from Midcontinent Communications which indicated that one account had been accessing the IP address 24.230.167.215 on the date and time that SA Boone downloaded the files containing child pornography. The account contained the following information:
>
> Name: Todd Finley

ICE executed the search warrant on February 28, 2008 at Finley's residence in Vermillion, South Dakota. During the search, several items were seized, including a hard drive containing over two hundred video clips of child pornography. Finley was indicted for receipt and distribution of child pornography in violation of 18 U.S.C. §

2252A(a)(2)(A) and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256(8)(A).

Finley moved to suppress the evidence obtained as a result of the search warrant, claiming that the affidavit supporting the search warrant contained a false statement made deliberately or with reckless disregard for the truth. Specifically, Finley asserted that there is nothing to support the statement in ¶ 19 that Finley's account accessed the IP address 24.230.167.215 on February 16, 2008 (i.e., "the date and time that SA Boone downloaded the files containing child pornography"). Agent Boone's inquiry to Midcontinent was limited to the dates of February 2–14. Therefore, Finely argues, the statement in ¶ 19 was false to the extent it connected Finley to the IP address beyond that limited time period.

A magistrate judge[4] granted Finley's request for a <u>Franks</u>[5] hearing. At the hearing, Agent Scherer testified that his affidavit was based on information relayed by Agent Boone and that Agent Boone reviewed and approved the affidavit. Agent Boone acknowledged that the information from Midcontinent was limited to the time period ending February 14. He also acknowledged that, on February 16, he did not know who was accessing the IP address when he downloaded files containing child pornography. Agent Boone explained that IP addresses are capable of belonging to different people throughout time. Nevertheless, he testified that there must have been only one subscriber to IP address 24.230.167.215 from February 2 through February 16 because the IP address, port number, and file list were consistent throughout that time period. These consistencies, according to Agent Boone, eliminated the possibility that another computer was responsible for sharing of the files containing child pornography.

---

[4]The Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.

[5]<u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

The magistrate judge denied Finley's motion to suppress, concluding that Finley "ultimately failed to prove that ¶ 19 contains a deliberate or reckless falsity." The district court reached the same conclusion, finding that the false statement in ¶ 19 was neither a knowingly nor recklessly false statement. The district court relied on the good-faith-reliance doctrine from United States v. Leon, 468 U.S. 897 (1984), and emphasized that there is no suggestion in the record that Agent Scherer misled the judge issuing the search warrant. Finley then pled guilty to both counts in the indictment. In this appeal, he alleges that the motion to suppress should have been granted because a Franks violation occurred and that Leon's good faith exception to the exclusionary rule is inapplicable.

## II.

To void a search warrant under Franks, a defendant must show by a preponderance of evidence that (1) the affiant included in the warrant affidavit "a false statement knowingly and intentionally, or with reckless disregard for the truth," and (2) "the affidavit's remaining content is insufficient to establish probable cause." Franks v. Delaware, 438 U.S. 154, 155–56 (1978); see also United States v. Buchanan, 574 F.3d 554, 561 (8th Cir. 2009). If a defendant shows a Franks violation, then the "the fruits of the search [must be] excluded to the same extent as if probable cause was lacking on the face of the affidavit." Franks, 438 U.S. at 156. The government does not contest that ¶ 19 contains a literal falsehood, and Finley does not argue that the falsehood was deliberate. Rather, the question presented in this appeal is whether Finley has shown that the falsehood in ¶ 19 of the affidavit was made with reckless disregard for the truth. That underlying question is a factual one, see United States v. Trzaska, 111 F.3d 1019, 1028 (2d Cir. 1997),[6] which we review

[6]See also United States v. Elliot, 322 F.3d 710, 714 (9th Cir. 2003) (reviewing for clear error the district court's findings whether a statement was intentionally or recklessly made); United States v. Bonds, 12 F.3d 540, 568–69 (6th Cir. 1993) (same); United States v. Jones, 913 F.2d 174, 176 (4th Cir. 1990) (same).

for clear error, see United States v. Lucas, 499 F.3d 769, 775 (8th Cir. 2007) (en banc) (district court's factual determinations are reviewed for clear error). Clear error exists where, viewing the record as a whole, we are "left with the definite and firm conviction that a mistake has been committed." Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998) (quotation omitted).

The applicable test is "not simply whether the affiant acknowledged that what he reported was true, but whether, viewing all of the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." United States v. Clapp, 46 F.3d 795, 801 n.6 (8th Cir. 1995). To prevail, a defendant must show more than negligence or an innocent mistake. Franks, 438 U.S. at 171; United States v. Butler, 594 F.3d 955, 961 (8th Cir. 2010).

Finley argues that ¶ 19 of Agent Scherer's affidavit was so important that it is "inconceivable" that Agent Boone could have failed to notice and understand the falsehood. To be sure, the affidavit falsely represented that Midcontinent's subpoena response addressed the date on which Agent Boone downloaded child pornography files from the relevant IP address. Moreover, ¶ 19 was the only portion of the affidavit connecting Agent Boone's investigation with Finley. However, materiality of a falsehood is not determinative of the affiant's state of mind. See United States v. Bulgatz, 693 F.2d 728, 732 (8th Cir. 1982) (defendants' Franks challenge failed where they argued a misstatement in an affidavit was material but offered no proof that the misstatement was reckless or deliberate). The magistrate judge, having listened to testimony from Agents Boone and Scherer, concluded that there was no evidence showing reckless disregard for the truth of the matters asserted in ¶ 19. The district court acknowledged the falsehood and similarly found that there was no evidence of a reckless disregard for the truth. From this record, we are not left with the definite and firm conviction that a mistake has been committed. Although ¶ 19 of the affidavit contained a falsehood, the inference suggested in that paragraph was supported by

other facts known by Agent Boone at that time—e.g., the consistent IP address, port number, SHA values, and file list.[7]  Omission of those details may be a product of negligence, but only a reckless or deliberate falsehood violates Franks.[8]  438 U.S. at 171; see also Clapp, 46 F.3d at 801.

As there has been no showing of a deliberate or reckless falsehood, we do not reach the question of whether the remaining facts in Agent Scherer's affidavit were sufficient to establish probable cause.  Similarly, we do not address whether the good faith exception to the exclusionary rule applies in this case, although we note that our precedent appears to foreclose such a result if a Franks violation has occurred.  See United States v. Gipp, 147 F.3d 680, 688 (8th Cir. 1998) ("[Leon's] good faith exception will not apply if a defendant makes a substantial showing that the affiant intentionally or recklessly misstated or omitted facts.").

---

[7]Finley argues that it is improper to consider information beyond the four corners of Agent Scherer's affidavit in order to validate the search warrant.  In support, he cites cases stating that the government cannot use extrinsic evidence to rehabilitate affidavits that contain insufficient information to demonstrate probable cause.  See, e.g., Whitely v. Warden, 401 U.S. 560, 564–65 & n.8 (1971); United States v. Montes-Medina, 570 F.3d 1052, 1059 (8th Cir. 2009).  However, this case involves an alleged Franks violation—not a claim that the facts in the affidavit were insufficient to establish probable cause.  Significantly, Franks requires an evidentiary hearing to evaluate the veracity of a warrant affidavit if a defendant makes a preliminary showing that the affidavit contains an intentional or reckless falsehood necessary to the finding of probable cause.  438 U.S. at 155–56.  Refusing to consider evidence from beyond the affidavit would contravene the purpose of a Franks hearing and run contrary to common sense.  Instead, as we have stated, evaluating an affiant's state of mind requires us to view "all of the evidence."  Clapp, 46 F.3d at 801 n.6.

[8]We have stated that omission of material information from an affidavit can form the basis of a Franks violation where the additional information would have *negated* probable cause.  See, e.g., United States v. Neal, 528 F.3d 1069, 1073 (8th Cir. 2008).  Here, by comparison, the omitted information would have supported the search warrant.

## III.

For the foregoing reasons, the judgment of the district court is affirmed.

_____