# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3082

_____

United States of America

*Plaintiff - Appellee*

v.

James Earl Arnold

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 17, 2013
Filed: August 5, 2013

_____

Before SHEPHERD, BEAM, and MELLOY, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

James Earl Arnold was charged with conspiracy to manufacture and distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and possession of a sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871. Arnold moved to suppress evidence from a November 2010 search that led to his arrest, and also moved for a hearing to challenge the

truthfulness of factual statements in the application for the search warrant, pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). The district court[1] denied both motions. Arnold now appeals the denial of his motion to suppress, and we affirm.

## I.

In November 2008, Iowa narcotics officers began investigating Arnold and several others regarding manufacturing and distributing methamphetamine. Over two years, investigators collected various pieces of information from a range of sources regarding Arnold's role in making methamphetamine, including reports of the manufacture and sale of methamphetamine from his Iowa home. In November 2010, Officer Isaac Skinner of the Lee County Narcotics Task Force applied to the Iowa state court for a search warrant for Arnold's residence in Wever, Iowa. Officer Skinner attached an affidavit to the search warrant application, detailing the information gathered over the prior two years. The search warrant was approved, and upon execution of the warrant, officers located evidence of methamphetamine manufacturing as well as a shotgun with a sawed-off barrel. In March 2011, Arnold was indicted by a federal grand jury for conspiracy to manufacture and distribute drugs, as well as possession of a sawed-off shotgun.

Arnold moved to suppress the evidence obtained in the search and challenged nine[2] separate factual claims within the search warrant affidavit. Arnold argued the affidavit contained misrepresentations or omissions that were material to the issuing

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

[2]On appeal, Arnold only challenges eight of the factual claims. The ninth claim contained in his district court motion is not presented in this appeal, and we consider it abandoned. <u>See</u> <u>Etheridge v. United States</u>, 241 F.3d 619, 622 (8th Cir. 2001) ("Claims not argued in the briefs are deemed abandoned on appeal.").

court's probable cause determination. Arnold also requested a <u>Franks</u> hearing so he could question Officer Skinner regarding the affidavit. The district court found several misrepresentations and omissions in the search warrant affidavit, but it concluded none were made with intent to mislead or with reckless disregard of the truth. Further, even if the existing misrepresentations and omissions were intentional or reckless, the district court concluded none of the alleged misrepresentations or omissions were necessary to or impacted the probable cause determination. The district court denied Arnold's motion for a <u>Franks</u> hearing, his motion to suppress, and his subsequent motion to reconsider.

Following the denial of these motions, Arnold entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress. He was sentenced to 120 months imprisonment on the drug count and 60 months on the firearm count, to be served concurrently. This timely appeal followed.

II.

Arnold argues the district court erred by denying his motion to suppress. Specifically, Arnold asserts the search warrant was obtained based on a defective affidavit, and thus the district court erred by denying Arnold's request for a <u>Franks</u> hearing. Under <u>Franks</u>, a criminal defendant may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination. <u>See</u> <u>Franks</u>, 438 U.S. at 155-56. However, in order to merit a <u>Franks</u> hearing, Arnold must show both (1) that the affiant (Officer Skinner) "knowingly and intentionally" made false statements or made them in "reckless disregard for the truth" and (2) if the false information is excised (or the omitted information is included), the affidavit no longer establishes probable cause. <u>See</u> <u>id.</u> at 155-56. "The requirement of a substantial preliminary showing is not lightly met," <u>United States v. Mathison</u>, 157 F.3d 541, 548 (8th Cir. 1998) (internal quotation omitted), and "[w]e review the

denial of a <u>Franks</u> hearing for abuse of discretion," <u>United States v. Kattaria</u>, 553 F.3d 1171, 1177 (8th Cir. 2009) (en banc) (per curiam).

On appeal, Arnold presents eight challenges to the affidavit, asserting that Officer Skinner deliberately or recklessly: (1) misrepresented the substance of a harrassment report about Arnold and omitted Arnold's address and phone number, (2) misrepresented the location of methamphetamine manufacturing contained in an anonymous tip and omitted the nature of the tip, (3) misrepresented the role of Arnold's children in his alleged drug activities, (4) omitted factual information relating to a co-conspirator's methamphetamine-related purchases, (5) misrepresented the timing of tracking the co-conspirator to Arnold's residence, (6) misrepresented that a confidential informant was "proven" and omitted that the informant was "working off a charge," (7) omitted information regarding Arnold's daughter's purchase of lye (a methamphetamine manufacturing supply), and (8) omitted facts regarding stolen property located at Arnold's residence and misrepresented officers' knowledge of the location of the stolen property. After carefully considering these challenges, we find that the district court did not abuse its discretion when it denied Arnold's request for a <u>Franks</u> hearing.

First, we agree with the district court that many of Arnold's challenges highlight, at most, minor discrepancies or omissions—such as omitting that an anonymous tip was received by fax—that do not establish deliberate or reckless falsehood. <u>See</u> <u>United States v. Coleman</u>, 349 F.3d 1077, 1084 (8th Cir. 2003) ("A 'minor discrepancy' in the wording of an officer's statement is not sufficient under <u>Franks</u> to establish that the officer acted deliberately or recklessly in making the statement."); <u>see also</u> <u>Technical Ordnance, Inc. v. United States</u>, 244 F.3d 641, 649 (8th Cir. 2001) ("A law enforcement official is not required to include everything he knows about a subject in his affidavit, whether it is material to a finding of probable cause or not."). Second, even for those few instances where the district court agreed with Arnold that the affidavit contained a misrepresentation—such as conveying the

false impression that a co-conspirator was tracked directly to Arnold's house after a methamphetamine-related purchase, when in fact the tracking occurred a month later—Arnold has provided no evidence suggesting the misrepresentations were deliberate or reckless. See Kattaria, 553 F.3d at 1177 ("Mere allegations of deliberate or reckless falsehoods are insufficient."). Third, we disagree with Arnold's argument, based on United States v. Medina-Reyes, 877 F. Supp. 468 (S.D. Iowa 1995), that a misrepresentation occurred when the affidavit omitted that the confidential informant was "working off a charge." Medina-Reyes, which is only persuasive authority, is limited to the unusual and highly coercive arrangement present in that case. See id. at 475 (describing "remarkable" agreement that called for informant to make a prosecutable case against two specific individuals within a specified time period in order to obtain prosecutor's recommendation of suspended sentence and probation); see also United States v. Williams, 477 F.3d 554, 558-59 (8th Cir. 2007) (holding that affidavits are not per se misleading due to omission of fact that informant was paid or avoided prosecution, and distinguishing narrow facts of Medina-Reyes). Arnold does not allege the confidential informant in this case had the sort of unusual agreement present in Medina-Reyes.

And finally, even if we were to assume the challenged affidavit contained deliberate or reckless falsehoods, Arnold's argument for a Franks hearing would still fail because the affidavit established probable cause even absent any misrepresentations and including the omitted information. See United States v. Augustine, 663 F.3d 367, 372 (8th Cir. 2011) ("For probable cause to be shown, the warrant application and affidavit must describe circumstances showing that, based on practical experience and common sense, there is a fair probability that contraband or similar evidence will be found in the targeted place." (quotation omitted)). Even giving Arnold's objections their most liberal reading, there was untainted information in the affidavit detailing an array of drug-related activities linked to Arnold. Between November 2008 and July 2009, officers received two reports from family members and one anonymous tip of methamphetamine use and manufacturing at Arnold's

home. A family member also reported in July 2009 that Arnold was selling or providing drugs to his children. In July 2009, officers received reports that two individuals, driving a particular vehicle, purchased methamphetamine-related products three times a week for several weeks. Later, in August 2009, the same vehicle was tracked by officers to Arnold's house. In May 2010, a confidential informant reported trading pseudoephedrine, a methamphetamine precursor, for methamphetamine at the Arnold residence. The transaction was handled by Arnold's daughter. And in November 2011, officers received a report that an individual matching the description of Arnold's daughter purchased lye, a product used to manufacture methamphetamine, at an Iowa store. Thus, even ignoring any misrepresentations and correcting any omitted material, we conclude that the affidavit's remaining contents were sufficient to establish probable cause for a search warrant of Arnold's home.

In sum, Arnold only manages to identify a few colorable misrepresentations and omissions in the affidavit, none of which were intentional or reckless and none of which were necessary to the probable cause determination. Thus, the district court did not err in denying Arnold's request for a Franks hearing.[3]

---

[3]Arnold also argues the district court improperly relied on an unsworn proffer of testimony from Officer Skinner regarding the alleged discrepancies in the search warrant affidavit. Arnold cites United States v. McMurtrey, 704 F.3d 502 (7th Cir. 2013), to argue that allowing the government, but not the defendant, to offer new evidence to support the affidavit was improper. This argument is without merit. We can find no instance where the district court relied on any information other than the search warrant affidavit and Arnold's own affidavit detailing the alleged misrepresentations and omissions. And the district court itself explicitly stated that it did not rely on the unsworn proffer. See Order Den. Def.'s Mot. for Recons. 5, ECF. No. 63. This is not a case, such as in McMurtrey, where the government was allowed to bolster the affidavit with new evidence while the defendant sat by, unable to rebut or challenge new evidence. See McMurtrey, 704 F.3d at 508. Instead, the district court simply relied upon the original affidavit and Arnold's own arguments.

## III.

Accordingly, we affirm.

_____