# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-3158
_____

United States of America

*Plaintiff - Appellee*

v.

Rendy Conant

*Defendant - Appellant*

_____

No. 14-3201
_____

United States of America

*Plaintiff - Appellee*

v.

Bruce Conant

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: June 11, 2015
Filed: August 26, 2015

_____

Before GRUENDER, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Rendy Fay Conant and Bruce Richard Conant conditionally pled guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).  They reserved the right to appeal the denial of their motions to suppress evidence and for a *Franks* hearing.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Officer Victor Weir began investigating narcotics crimes in July 2011.  A Waynesville, Missouri, police officer, he had been in law enforcement for about 14 years, primarily as a patrolman.  He then had about 40 hours of training in narcotics investigations.  In July 2012, he presented the prosecutor with a warrant to search the Conants' house.  The affidavit reads:

> On 7/15/12 CI 2011-12-2 who has proven reliable in the past on six separate occasions, gave me information that Methamphetamine is being distributed from and stored at this location.  CI 2011-12-2 told me that James Rhodenizer who lives at 723 East Main Street in Richland, purchases quantities of Crystal Methamphetamine from Bruce and Rendy Conant who reside and own the property at this address and is in Pulaski County, MO.  It is further stored in a storage unit located off the 140 mile marker of I-44 in Laclede County.  A search warrant was executed in Pulaski County and in the city of Richland on 6/28/12 and the CI advised me that the crystal methamphetamine found in Mr. Rhodenizer's possession was purchased from Bruce and Rendy Conant by James Rhodenizer.  CI 2011-12-2 stated that there is enough on hand

-2-

for sales; however the bulk is stored at the storage shed in Laclede County. CI 2011-12-2 further stated that on or about 7/12/12 the Conant's brought a new supply of methamphetamine to the area.

Officer Weir told the prosecutor that the information from CI 2011-12-2 was not based on firsthand knowledge, but he had met with the person with firsthand knowledge that the Conants were selling meth from their home. Officer Weir explained that the CI faced criminal charges and hoped to receive favorable consideration for cooperation, but there was no agreement. The prosecutor signed the application and did not tell Officer Weir to include any additional information. The prosecutor had, in the past, refused to apply for warrants he thought lacked probable cause. The officer signed the application in front of the judge's clerk, who forwarded it to the judge. The judge granted the search warrant.

The defendants moved to suppress evidence from the search, and from a later warrant based on evidence from the first search. They also requested a *Franks* hearing. The magistrate judge denied a *Franks* hearing. Later, during the hearing on the motions to suppress, Officer Weir testified to the additional information: the CI got the information from a second person while they used drugs together, and the CI was subject to criminal charges at the time of the statement. Officer Weir's testimony raised the issue of an intentional falsehood. The magistrate judge issued a report and recommendation on suppression in both cases. *See **United States v. Conant***, 2014 WL 940324 (W.D. Mo. Feb 10, 2014); ***United States v. Conant***, 2014 WL 940290 (W.D. Mo. Feb 10, 2014). The district court asked for clarification about the *Franks* analysis in light of Officer Weir's testimony. *See **United States v. Conant***, 2014 WL 941310 (W.D. Mo. March 11, 2014). The magistrate judge issued a supplemental report and recommendation, finding no *Franks* violation because the officer did not act intentionally or recklessly to mislead the issuing judge, again recommending denial of the suppression motion based on a good-faith analysis. *See **United States v. Conant***, 2014 WL 1375458 (W.D. Mo. March 20, 2014).

Adopting the report and recommendation, the district court denied the motions to suppress. The Conants appeal, arguing they deserved a *Franks* hearing and suppression of the evidence.

This court would review a denial of a *Franks* hearing for abuse of discretion. *See **United States v. Arnold***, 725 F.3d 896, 898 (8th Cir. 2013). However, as Bruce Conant notes in his brief—and is apparent—"a *Franks* hearing was, in effect, conducted" when the officers involved were questioned at the evidentiary hearing, and the district court "treated the evidentiary hearing as a *Franks* hearing."

I

The defendants challenge the denial of their motions to suppress based on Officer Weir's omissions that the CI did not have firsthand knowledge of the facts and that the CI was "working off a case."

"We review the district court's underlying factual findings on these points for clear error and its legal determinations de novo." ***United States v. Ketzeback***, 358 F.3d 987, 990 (8th Cir. 2004), *citing **Ornelas v. United States***, 517 U.S. 690, 699 (1996). "Clear error exists where, viewing the record as a whole, we are left with the definite and firm conviction that a mistake has been committed." ***United States v. Finley***, 612 F.3d 998, 1002 (8th Cir. 2010).

"A search warrant may be invalid if the issuing judge's probable cause determination was based on an affidavit containing false or omitted statements made knowingly and intentionally or with reckless disregard for the truth." ***United States v. Reinholz***, 245 F.3d 765, 774 (8th Cir. 2001), *citing **Franks v. Delaware***, 438 U.S. 154, 171 (1978).

-4-

To prevail on a Franks claim the defendants must show: (1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit; and (2) that the affidavit's remaining content is insufficient to establish probable cause. The same analysis applies to omissions of fact. The defendant must show: (1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause.

*Id.* at 774. "In determining if an affiant's statements were made with reckless disregard for the truth, the test is whether, after viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *United States v. McIntyre*, 646 F.3d 1107, 1114 (8th Cir. 2011). "Recklessness, however, may be inferred from the fact of omission of information from an affidavit . . . when the material omitted would have been clearly critical to the finding of probable cause." *Id.* "In general, no one factor necessarily dooms a search warrant." *United States v. Glover*, 755 F.3d 811, 816 (8th Cir. 2014). "Cases that test the sufficiency of affidavits for warrants obtained are highly fact specific, but information about the informant's credibility or potential bias is crucial." *Id.*

The magistrate judge concluded that Officer Weir misled the issuing judge about the CI's source of information, but not knowingly and intentionally or with reckless disregard for the truth.[1] Officer Weir testified he met with and spoke to the CI face-to-face. The CI got the information about drugs at the Conants' residence

---

[1]In the supplemental report and recommendation, the magistrate judge analyzes the *Franks* claims by applying principles from *Leon* good-faith-exception cases. The bases for objectively reasonable reliance on an otherwise invalid search warrant do not guide a decision about an affiant's reckless disregard for the truth (or knowing and intentional statement or omission). *See United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir. 1993) ("[U]nder Leon, a Franks violation is not excused.").

while using drugs with the second person. Officer Weir spoke to the second person about his or her firsthand knowledge of the Conants' drug activities, confirming the CI's statements. Officer Weir said he omitted information about the second person for this person's safety, referring to a recent assault connected to the on-going drug activities. Officer Weir said the CI was subject to criminal charges at the time, and he did not put this in the affidavit. Officer Weir testified that he told the prosecutor this additional information when presenting the affidavit for a search warrant. The prosecutor did not tell him to add the omitted information.

In *Reinholz*, the district court correctly found that the officer "recklessly misled the issuing judge by misrepresenting the nature of his source." *Reinholz*, 245 F.3d at 774. The affidavit there stated that the officer had information from a "confidential and reliable source" that the defendant was "involved in the use of methamphetamine" and "may also be involved in the distribution of methamphetamine." *Id.* at 771. This information was false because the source was "a local pharmacist who knew only that Reinholz purchased iodine crystals." *Id.* at 773, 775. The source was not confidential, having dropped his request for anonymity. *Id.* at 774. Further, "his reliability was not related to any personal knowledge of or corroborated information concerning Reinholz's methamphetamine use." *Id.* The affidavit "implied that his source had knowledge of Reinholz's drug activities and that independent police investigation corroborated the informant's declarations. In fact, police investigation merely corroborated the pharmacist's description of Reinholz's automobile and license plate." *Id.*

The Conants stress a similarity to *Reinholz*: the magistrate judge here determined that Officer Weir's statement was misleading because it implied the information was firsthand. The Conants, however, ignore many dissimilarities to *Reinholz*: Officer Weir's source was confidential, had been reliable six previous times, and gave detailed information about the Conants selling meth. Although Officer Weir's statement that the CI was "confidential and reliable" was misleading,

unlike the statements in *Reinholz* this statement was not false. *See id.* at 775 ("Officer Podany's affidavit included false statements made with reckless disregard for the truth."). Moreover, Officer Weir corroborated the CI's hearsay statements with a person who had firsthand knowledge. In *Reinholz* the police had no statement from *any* informant that Reinholz was using or distributing meth.

The magistrate judge did not clearly err in finding that Officer Weir acted only negligently. "[E]valuating an affiant's state of mind requires [this court] to view all of the evidence." **Finley**, 612 F.3d at 1003 n.7. Officer Weir testified he did not include information on the second person due to a potential threat of danger. He also testified that he met with and talked with the second person with firsthand knowledge, corroborating the CI's information. Although the affidavit was misleading, "the inference suggested in that paragraph was supported by other facts known by [Officer Weir] at that time." **Id.** at 1003. Further, failure to include information that an informant is "working off a charge" is misleading if the arrangement is "unusual and highly coercive." **Arnold**, 725 F.3d at 899 ("[W]e disagree with Arnold's argument . . . that a misrepresentation occurred when the affidavit omitted that the confidential informant was 'working off a charge.'"). Here, no promises had been made to the CI, and the prosecutor had not told the CI that the CI's information would work off a case. Finally, the magistrate judge was troubled that Officer Weir relied on the prosecutor's instruction to determine whether to add the omitted information. However, in *Franks* the Supreme Court said "the deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant." **Franks**, 438 U.S. at 171. For these reasons, this court is not "left with the definite and firm conviction that a mistake has been committed." *See* **Finley**, 612 F.3d at 1003.

Since "*Franks* does not apply to negligent misrepresentations," *United States v. Coleman*, 349 F.3d 1077, 1085 (8th Cir. 2003), the district court properly found no *Franks* violation.

II.

The defendants assert that the first search warrant was not supported by probable cause. The magistrate judge determined that, "regardless of the outcome of any probable cause analysis, the good-faith exception to the exclusionary rule applies in this case." "On appeal from the denial of a motion to suppress, we review a district court's findings of fact for clear error and its determination of probable cause and the application of the *Leon* exception de novo." *United States v. Jackson*, 784 F.3d 1227, 1231 (8th Cir. 2015).

"The Fourth Amendment commands that no warrants shall issue, but upon probable cause, supported by Oath or affirmation." *Id.* "Under the good-faith exception, evidence seized pursuant to a search warrant later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable. The court must look at the objectively ascertainable question of whether a reasonably well trained officer would have known that the search was illegal despite a judge's issuance of the warrant." *Id. See generally United States v. Leon*, 468 U.S. 897, 920-21 (1984). The good-faith exception does not apply in four situations:

> (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge;
> (2) when the issuing judge "wholly abandoned his judicial role" in issuing the warrant;
> (3) when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and
> (4) when the warrant is "so facially deficient" that no police officer could reasonably presume the warrant to be valid.

*Id.*, *citing Leon*, 468 U.S. at 923.

-8-

The Conants argue that the misleading affidavit defeats *Leon*. However, *Franks* "set forth a rationale for suppressing evidence obtained pursuant to a search warrant" where "knowing or reckless falsity of the affidavit" is at issue. *Leon*, 468 U.S. at 914-15. A district court may use a good-faith analysis *after* finding no knowing or reckless falsity. *See **United States v. Pluckett***, 466 F.3d 626, 629-30 (8th Cir. 2006) (after finding no *Franks* violation, *Leon*'s good-faith analysis determines validity of warrant ). As discussed above, the magistrate judge did not clearly err in finding no knowing or reckless falsity here. Thus, the affidavit does not prevent use of *Leon*.

This court looks to the totality of the circumstances in assessing the objective reasonableness of an officer's execution of a warrant, "including any information known to the officer but not presented to the issuing judge." *Jackson*, 784 F.3d at 1231. Officer Weir testified that he never had any formal training on drafting an affidavit for a search warrant, although he had been working narcotics investigations for a year, and had applied for about 50 search warrants. He testified he personally spoke with both the CI and the second person, but did not include all of this information for the second person's safety. He told the prosecutor about this and was not instructed to add information to the affidavit. He knew that the CI had provided information in the past resulting in the seizure of illegal drugs six times, even though his affidavit included the conclusion that he had provided only reliable information six times. Although he withheld information about the source of his information, his relative inexperience, the prosecutor's approval of the application, and the additional information not in the affidavit made it objectively reasonable for Officer Weir to honestly believe that the search warrant was valid. *See **United States v. Clay***, 646 F.3d 1124, 1127-28 (8th Cir. 2011) (finding officer's actions objectively reasonable where officer "consulted with attorney prior to seeking the warrant," "interviewed the CI in person," and "independently corroborated" the CI's information); ***United States v. Perry***, 531 F.3d 662, 666 n.6 (8th Cir. 2008) ("Another factor that adds to

the reasonableness of [an officer's] belief that the affidavit was not so lacking in probable cause was the county prosecutor's determination that the affidavit provided probable cause for the search."); *United States v. Hallum*, 407 F.3d 942, 947 (8th Cir. 2005) (finding good-faith exception applied to affidavit lacking information about informant's reliability when officer was inexperienced, prosecutor represented that the affidavit established probable cause, and officer had furnished additional corroborating information to prosecutor not included in affidavit).[2]

\* \* \* \* \* \* \* \* \* \*

The judgment is affirmed.

_____

_____

[2]Since the first search warrant was not invalid, this court need not address the Conants' "fruit of the poisonous tree" argument about the second and third search warrants.