# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1355

_____

United States of America

*Plaintiff - Appellee*

v.

Steven Randall Gibson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 22, 2017
Filed: October 31, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Steven Randall Gibson conditionally pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He

appeals from the district court's[1] denial of his motion to suppress evidence. We affirm.

Chris Ridenhour was an investigator with the Pope County, Arkansas, Sheriff's Office. On March 10, 2015, Ridenhour prepared an affidavit in support of his request for a search warrant to search Gibson's mother's residence. The affidavit stated that Ridenhour had reason to believe that he would find firearms, ammunition, and bulletproof vests, "which is evidence of the crime of Possession of Firearms by Certain Persons, held in violation of A.C.A. 5-73-103, [and] the crime of Criminal Possession of Body Armor, held in violation of A.C.A. 5-79-101."

According to the affidavit, Joshua and Joanna Crouch told Ridenhour earlier that day that Gibson had dropped off several firearms at their home in late February 2015 and picked up the firearms two days later. Joanna Crouch reported the serial numbers of two of the firearms, both of which were listed as stolen in the National Crime Information Center's database. Joshua Crouch (Crouch) stated that he had asked Gibson to retrieve the firearms after discovering that some were stolen. Crouch described the firearms in detail and later agreed to cooperate with law enforcement officers in their investigation of Gibson.

Crouch spoke with Gibson at Gibson's mother's residence on the afternoon of March 10. After Crouch left, he met with Ridenhour and gave a recorded statement. According to Crouch, he had observed firearms and body armor on a bed in the residence. He also recognized some of the firearms as the ones that Gibson had left at Crouch's home. Ridenhour thereafter returned to Gibson's mother's residence and approached Gibson, who was in the front yard. Ridenhour asked for permission to search the residence, but Gibson refused.

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

Ridenhour thereafter sought a search warrant, which was issued on the basis of his affidavit. The affidavit did not state that Gibson previously had been convicted of a felony. During the search of Gibson's mother's residence, officers found several firearms and two bulletproof vests. Gibson was charged with the federal felon-in-possession offense set forth above.

Acknowledging during the suppression hearing that his affidavit did not state that Gibson was a felon, Ridenhour testified that he knew that Gibson was a felon and that his affidavit cited two criminal statutes that apply only to felons.

In reviewing the denial of a motion to suppress evidence, we review the district court's factual findings for clear error and its legal conclusions *de novo*. United States v. Summage, 481 F.3d 1075, 1077 (8th Cir. 2007). "When the issuing judge relied solely upon the supporting affidavit to issue the warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (internal alterations, quotation marks, and citations omitted). A supporting affidavit establishes probable cause when "it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." United States v. Brackett, 846 F.3d 987, 992 (8th Cir. 2017) (quoting United States v. Snyder, 511 F.3d 813, 817 (8th Cir. 2008)). We consider the totality of the circumstances set forth in the affidavit, examining the affidavit "under a common sense approach and not in a hypertechnical fashion." Solomon, 432 F.3d at 827 (quoting United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993)).

Gibson contends that Ridenhour's affidavit did not establish probable cause because it did not establish that he was a prohibited person under Arkansas Code § 5-73-103, or that he had committed a predicate offense that would cause the possession of body armor to be illegal under Arkansas Code § 5-79-101. The government

responds that the affidavit's identification of those crimes implied that Gibson previously had been convicted of a felony, but it has cited no case that supports the proposition that the existence of a prior felony conviction may be inferred from the assertion of such crimes.

We need not decide that issue, however, because Ridenhour's affidavit established a fair probability that evidence of "theft by receiving" would be found in Gibson's mother's residence. Under Arkansas law, "[a] person commits the offense of theft by receiving if he or she receives, retains, or disposes of stolen property of another person" and knows or has reason to believe that the property was stolen. Ark. Code. Ann. § 5-36-106. "Receiving" is defined to include "acquiring possession" of the property. Id. The affidavit explained that Crouch had described certain firearms that Gibson possessed, that Crouch had asked Gibson to retrieve the firearms because some of them were stolen, that law enforcement officers confirmed that two of the firearms were stolen, and that Crouch had observed some of the same firearms in Gibson's mother's residence on March 10. A reasonable inference is that a search would reveal evidence of stolen firearms, notwithstanding Ridenhour's failure to identify the offense of theft by receiving in his affidavit. See Summage, 481 F.3d at 1078 ("It is not necessary for an affidavit to include the name of the specific crime alleged.").

Even if we were to conclude that the affidavit was insufficient, the Leon good-faith exception would permit admission of the evidence. See United States v. Leon, 468 U.S. 897, 920-21 (1984). "Under the good-faith exception, evidence seized pursuant to a search warrant later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." United States v. Jackson, 784 F.3d 1227, 1231 (8th Cir. 2015). In assessing the objective reasonableness of an officer's execution of a warrant, we consider the totality of the circumstances, "including any information known to the officer but not presented to the issuing judge." Id. Ridenhour testified that he knew that Gibson was a felon.

-4-

When asked whether the affidavit indicated that Gibson was a felon, Ridenhour replied, "[T]he criminal statutes that are listed can only be applied to felons. That's why I listed them." Because he knew that Gibson was a felon and thus was prohibited from possessing firearms, Ridenhour's reliance on the warrant was objectively reasonable.

The judgment is affirmed.

———————————————————