# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1486

_____

United States of America

*Plaintiff - Appellee*

v.

James Leslie Lowe, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 21, 2020
Filed: December 16, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

In 2014, James Leslie Lowe, Jr. was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court[1] sentenced him to 50 months in prison and three years of supervised release. He began his term of supervised release in January 2018 and was arrested for third-degree domestic battery in December 2019. See Ark. Code Ann. § 5-26-305 (2020). After an evidentiary hearing, the district court determined by a preponderance of the evidence that Lowe had violated the conditions of his supervised release by committing a federal, state, or local crime, and sentenced him to six months' imprisonment and two years of supervised release. Lowe appeals.

On December 15, 2019, the Blytheville Police Department received a 911 call from a crying child who told the dispatcher that her mother was being assaulted and that they needed help. The four police officers dispatched to the scene found a "visibly upset" 11-year-old girl in the front yard. She pointed officers to the house and said her mother was inside. The officers, two of whom were wearing body cameras, entered the house to conduct a safety sweep. Inside they found Lowe and Jennifer Holifield, the child's mother and Lowe's live-in girlfriend. According to Officer Zachary Purrington, who responded to the 911 call, Lowe appeared intoxicated and smelled of alcohol. Holifield was standing in the living room crying, holding her hip, and "taking short gasping breaths." When Officer Purrington asked if she was all right, she responded that she was "fine" and refused medical attention.

Holifield did not tell officers that Lowe had put his hands on her, saying only that he had "lost his temper." But Officer Purrington testified that she appeared "scared" and would look to Lowe before answering questions, seemingly to determine whether she had Lowe's permission to respond. Officer Purrington testified that "[s]he would not speak until Mr. Lowe would look back at her and give a nod." Body

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

cameras also captured the 11-year-old sobbing in her mother's arms and telling her, without prompting, "he pushed you—I saw that." Lowe's 10-year-old son also told an officer that he saw Lowe "yank [Holifield] by her feet" and "slap[] her."

The officers arrested Lowe and he was charged with third-degree domestic battery, which Arkansas law defines as negligently, recklessly, or purposefully causing physical injury to "a family or household member." Ark. Code Ann. § 5-26-305. A second charge for second-degree endangerment of the welfare of a minor, id. § 5-27-206, was later dismissed. Lowe now argues that the government failed to prove by a preponderance of the evidence that he caused physical injury to Holifield—a required element of third-degree domestic battery.

A district court may revoke a defendant's term of supervised release and require that he serve "all or part" of that term in prison if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review the district court's revocation of supervised release for abuse of discretion, United States v. Charles, 531 F.3d 637, 640 (8th Cir. 2008), and reverse "only if we have a definite and firm conviction that the district court was mistaken." United States v. Petersen, 848 F.3d 1153, 1156 (8th Cir. 2017) (cleaned up). We review the district court's factual findings as to whether a supervised release violation took place for clear error. United States v. Cotton, 861 F.3d 1275, 1277 (8th Cir. 2017). "Clear error exists where, viewing the record as a whole, we are left with the definite and firm conviction that a mistake has been committed." United States v. Finley, 612 F.3d 998, 1002 (8th Cir. 2010) (cleaned up). A district court's credibility determinations concerning witnesses' testimony at a supervised release hearing "are virtually unreviewable on appeal." United States v. Ralph, 480 F.3d 888, 890 (8th Cir. 2007) (cleaned up).

At the revocation hearing, the government introduced into evidence footage from the officers' body cameras and testimony from Lowe's federal probation officer.

The district court admitted into evidence Lowe's Presentence Investigation Report, which reflected, among other information, Lowe's prior Arkansas convictions for third-degree domestic battery in 2002 and 2006. The court also heard testimony from Officer Purrington, and from Jennifer Holifield.

Officer Purrington testified that Lowe's behavior at the scene was consistent with that of a "domestic battery offender," and Holifield's with that of a "domestic violence victim." Holifield "appeared to be very upset," was "visibly crying," and was "wincing from being in pain while nursing an injury to her right hip." Holifield in turn testified that Lowe never shoved or hit her and that her injury occurred when Lowe slipped on a rubber dog toy and fell into her, causing her to fall and hit her right hip. Notably, neither she nor Lowe presented this version of events to officers on the date of the incident.

The district court determined that the government had met its burden of proving by a preponderance of the evidence that Lowe committed third-degree domestic battery.[2] In doing so, the district court relied primarily on Officer Purrington's testimony, citing his "years of training and experience in dealing with these types of calls and investigations." The court credited Officer Purrington's assessment of the situation at the scene, noting his testimony that Holifield had "a visible injury," which was consistent with the report from the 911 dispatcher, and that Lowe was confrontational and likely intoxicated. In contrast, the district court "d[id] not] find Ms. Holifield to be a credible witness." As a result, the district court concluded that Lowe had violated the conditions of his supervised release and revoked his term.

---

[2]"[O]ut of an abundance of caution," the district court did not rely on statements made by any of the children at the scene due to concerns about their admissibility.

We discern no clear error in the district court's factual findings and nothing in the record suggests the district court abused its discretion in revoking Lowe's supervised release. Body camera video introduced at the revocation hearing, as well as Officer Purrington's testimony, showed that Holifield was holding her hip and appeared to be in both physical pain and emotional distress. The court did not believe Holifield when she testified that her hip injury was a result of an accidental slip rather than a volitional act on Lowe's part. We defer to the district court's judgment on Holifield's credibility on this matter. Although not overwhelming, the evidence presented at the hearing was sufficient for the district court to find, by a preponderance of evidence, that Lowe had caused his live-in girlfriend physical injury, in violation of Ark. Code Ann. § 5-26-305 and, thus, had violated the conditions of his supervised release.

We affirm the judgment of the district court.

_____